**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JESUS A. WAYNE, JR.,<br><br>*Plaintiff*,<br><br>v.<br><br>THREE CAUCASIAN MALE<br>SUSPECTS, et al.,<br><br>*Defendants*. | Civil Action No. 1:25-cv-02591 (UNA) |

**MEMORANDUM OPINION**

Currently before the Court is Plaintiff's *pro se* Complaint, ECF No. 1 ("Compl."), and Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants Plaintiff's IFP Application, and for the reasons explained below, dismisses this case without prejudice.

Plaintiff, who resides in the District of Columbia, sues three unnamed "Coasian male suspects" all of whom are purportedly reside somewhere in Maryland. *See* Compl. at 1–2. The Court notes that Plaintiff's failure to provide names and addresses for the Defendants contravenes D.C. Local Civil Rule 5.1(c)(1). The allegations fare no better. Plaintiff alleges only that Defendants trespassed at his property on August 7, 2025, and he provides the make, model, color, and license plate number of their vehicle. *See id.* at 4. Plaintiff does not demand any relief, stating "no relief . . . no lawsuit." *See id.*

*Pro se* litigants must comply with the Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987). Federal Rule 8(a) requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see*

*Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir.

2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted

so that they can prepare a responsive answer and an adequate defense and determine whether the

doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Here, as

presented, neither the Court nor Defendants can reasonably be expected to identify Plaintiff's

claims or entitlement to relief, if any, nor has Plaintiff established this Court's subject matter

jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

To that end, the subject-matter jurisdiction of the federal district courts is limited and is set

forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is

available only when a "federal question" is presented, *id*. § 1331, or the parties are of diverse

citizenship and the amount in controversy "exceeds the sum or value of $75,000, exclusive of

interest and costs," *id.* § 1332(a). A party seeking relief in the district court must at least plead

facts that bring the suit within the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead

such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff has failed to establish subject matter jurisdiction. First, he has failed to state a

federal question. *See* 28 U.S.C. § 1331. He does not invoke any authority that provides a federal

cause of action, nor can the court independently discern any basis for federal question jurisdiction

from the facts given in the Complaint. *See Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir.

2009) (per curiam) ("[F]ederal court jurisdiction must affirmatively appear clearly and distinctly."

(quoting *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir.1990) (per curiam))).

Second, Plaintiff has failed to establish diversity jurisdiction. *See* 28 U.S.C. § 1332. It is a

"well- established rule" that, for an action to proceed in diversity, the citizenship requirement must

be "assessed at the time the action is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc*., 498 U.S. 426, 428 (1991). Therefore, "the citizenship of every party to the action must be distinctly alleged [in the complaint] and cannot be established presumptively or by mere inference." *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004) (citation omitted). "[A]n allegation of residence alone is insufficient to establish the citizenship necessary for diversity jurisdiction." *Novak v. Capital Mgmt. & Dev. Corp*., 452 F.3d 902, 906 (D.C. Cir. 2006) (emphasis deleted) (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983)). Here, Plaintiff has failed to sufficiently allege the residences of the Defendants, let alone their domiciles or state citizenships. Moreover, Plaintiff has not sought any damages, let alone alleged that the amount in controversy somehow exceeds $75,000.

Consequently, this case is dismissed without prejudice. A separate Order will issue contemporaneously.


DATE: November 21, 2025

CARL J. NICHOLS
United States District Judge

3